FILED
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
2016 AUG 17 PM 1:59
BY _____

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2015 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>EDUARDO LORENZO CARMONA,<br>　aka "Lalo,"<br>CARLOS EMILIO VILLEGAS, and<br>RODOLFO VILLAROEL,<br><br>　　　　　Defendants. | CR NO. 16-00552<br><br>I N D I C T M E N T<br><br>[21 U.S.C. § 846: Conspiracy to Possess with Intent to Distribute and to Distribute Methamphetamine; 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(viii): Distribution of Methamphetamine; 18 U.S.C. § 2(a): Aiding and Abetting] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. § 846]

A.　OBJECTS OF THE CONSPIRACY

　　Beginning on an unknown date, and continuing to on or about September 12, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants EDUARDO LORENZO CARMONA, also known as "Lalo" ("CARMONA"), and CARLOS EMILIO VILLEGAS ("VILLEGAS"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally possess with intent to distribute and to distribute at least 50 grams

of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B. <u>MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED</u>

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant VILLEGAS would obtain methamphetamine.

2. Defendant CARMONA would arrange with a methamphetamine customer to meet at a particular location to sell methamphetamine.

3. Defendant CARMONA would obtain methamphetamine from defendant VILLEGAS.

4. Defendant CARMONA would distribute methamphetamine to the methamphetamine customer in exchange for cash.

C. <u>OVERT ACTS</u>

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the following dates, defendants CARMONA and VILLEGAS, and others known and unknown to the Grand Jury, committed and caused to be committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>: On or about August 27, 2013, defendant CARMONA agreed to sell methamphetamine to an individual who defendant CARMONA believed to be a methamphetamine customer, but who was, in fact, a confidential informant working with law enforcement ("CI").

<u>Overt Act No. 2</u>: On or about August 27, 2013, defendant CARMONA told the CI that he would make arrangements to meet the CI the next day to conduct the methamphetamine transaction.

1     <u>Overt Act No. 3</u>: On or about August 28, 2013, defendant
2 CARMONA met with the CI at a residence in Los Angeles, California.
3     <u>Overt Act No. 4</u>: On or about August 28, 2013, defendant
4 CARMONA walked out of the residence, got into the CI's car, and
5 informed the CI that the methamphetamine would soon be delivered by
6 defendant CARMONA's supplier.
7     <u>Overt Act No. 5</u>: On or about August 28, 2013, defendant
8 VILLEGAS arrived at the location in a black sports utility vehicle
9 ("SUV"), and defendant CARMONA got out of the CI's car and got into
10 the SUV defendant VILLEGAS had arrived in.
11     <u>Overt Act No. 6</u>: On or about August 28, 2013, defendant
12 CARMONA got out of defendant VILLEGAS's car carrying two plastic bags
13 containing methamphetamine.
14     <u>Overt Act No. 7</u>: On or about August 28, 2013, defendant
15 CARMONA returned to the CI's car and gave the CI approximately 104.3
16 grams of methamphetamine in exchange for $2,900.
17     <u>Overt Act No. 8</u>: On or about September 11, 2013, defendant
18 CARMONA agreed to sell methamphetamine to the CI, and agreed to meet
19 with the CI the next day to conduct the transaction.
20     <u>Overt Act No. 9</u>: On or about September 12, 2013, the CI met
21 defendant CARMONA at a residence located in Los Angeles, California,
22 where defendant CARMONA walked out of the residence and got into the
23 CI's car.
24     <u>Overt Act No. 10</u>: On or about September 12, 2013, defendant
25 CARMONA told the CI that his supplier, "Carlos," was in transit to
26 deliver the methamphetamine.
27     <u>Overt Act No. 11</u>: On or about September 12, 2013, defendant
28 VILLEGAS arrived in a black SUV at the location, and defendant

CARMONA got out of the CI's car and got into the SUV defendant VILLEGAS had arrived in.

Overt Act No. 12: On or about September 12, 2013, defendant CARMONA got out of defendant VILLEGAS's SUV carrying a bag containing methamphetamine.

Overt Act No. 13: On or about September 12, 2013, defendant CARMONA returned to the CI's car and gave the CI approximately 111.8 grams of methamphetamine in exchange for $2,900.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about August 28, 2013, in Los Angeles County, within the Central District of California, defendants EDUARDO LORENZO CARMONA, also known as "Lalo," and CARLOS EMILIO VILLEGAS, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 104.3 grams, of methamphetamine, a Schedule II controlled substance.

## COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about September 12, 2013, in Los Angeles County, within the Central District of California, defendants EDUARDO LORENZO CARMONA, also known as "Lalo," and CARLOS EMILIO VILLEGAS, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 111.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FOUR

[21 U.S.C. § 846]

A. OBJECTS OF THE CONSPIRACY

Beginning on an unknown date, and continuing to on or about October 30, 2013, in Los Angeles County, within the Central District of California, and elsewhere, defendants EDUARDO LORENZO CARMONA, also known as "Lalo" ("CARMONA"), and RODOLFO VILLAROEL ("VILLAROEL"), and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally possess with intent to distribute and to distribute at least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(viii).

B. MEANS BY WHICH THE OBJECTS OF THE CONSPIRACY WERE TO BE ACCOMPLISHED

The objects of the conspiracy were to be accomplished, in substance, as follows:

1. Defendant VILLAROEL would obtain methamphetamine.

2. Defendant CARMONA would arrange with a methamphetamine customer to meet at a particular location to sell methamphetamine.

3. Defendant CARMONA would obtain methamphetamine from defendant VILLAROEL.

4. Defendant CARMONA would distribute methamphetamine to the methamphetamine customer in exchange for cash.

C. OVERT ACTS

In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, on or about the following dates, defendants CARMONA and VILLAROEL, and others known and unknown to the Grand Jury, committed and caused to be committed various overt acts within

the Central District of California, and elsewhere, including, but not limited to, the following:

<u>Overt Act No. 1</u>: On or about October 22, 2013, defendant CARMONA agreed to sell methamphetamine to an individual who defendant CARMONA believed to be a methamphetamine customer, but who was, in fact, a confidential informant working with law enforcement ("CI").

<u>Overt Act No. 2</u>: On or about October 22, 2013, defendant CARMONA instructed the CI to meet him at a laundromat located in Los Angeles, California, to conduct the methamphetamine transaction.

<u>Overt Act No. 3</u>: On or about October 22, 2013, the CI arrived at the laundromat and defendant CARMONA got into the CI's car.

<u>Overt Act No. 4</u>: On or about October 22, 2013, defendant VILLARROEL arrived in a burgundy-colored car and parked across the street from where defendant CARMONA and the CI were located.

<u>Overt Act No. 5</u>: On or about October 22, 2013, defendant CARMONA got out of the CI's car and got into defendant VILLAROEL's car.

<u>Overt Act No. 6</u>: On or about October 22, 2013, defendant VILLARROEL opened the trunk of his car and handed a package containing methamphetamine to defendant CARMONA.

<u>Overt Act No. 7</u>: On or about October 22, 2013, defendant CARMONA returned to the CI's car and gave the CI approximately 49.8 grams of methamphetamine in exchange for $1,400.

<u>Overt Act No. 8</u>: On or about October 30, 2013, defendant CARMONA agreed to sell methamphetamine to the CI, and instructed the CI to pick defendant CARMONA up at an intersection in Los Angeles, California.

  <u>Overt Act No. 9</u>: On or about October 30, 2013, defendant CARMONA got into the CI's car and they drove to a nearby gas station.

  <u>Overt Act No. 10</u>: On or about October 30, 2013, defendant VILLARROEL arrived in a burgundy-colored car and parked at the gas station, where he met with defendant CARMONA.

  <u>Overt Act No. 11</u>: On or about October 30, 2013, defendant VILLARROEL opened the trunk of defendant VILLARROEL's car and handed a package containing methamphetamine to defendant CARMONA.

  <u>Overt Act No. 12</u>: On or about October 30, 2013, defendant CARMONA returned to the CI's car and gave the CI approximately 53.1 grams of methamphetamine in exchange for $1,400.

## COUNT FIVE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii); 18 U.S.C. § 2(a)]

On or about October 22, 2013, in Los Angeles County, within the Central District of California, defendants EDUARDO LORENZO CARMONA, also known as "Lalo," and RODOLFO VILLAROEL, each aiding and abetting the other, knowingly and intentionally distributed at least 5 grams, that is, approximately 49.8 grams, of methamphetamine, a Schedule II controlled substance.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

On or about October 30, 2013, in Los Angeles County, within the Central District of California, defendants EDUARDO LORENZO CARMONA, also known as "Lalo," and RODOLFO VILLAROEL, each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 53.1 grams, of methamphetamine, a Schedule II controlled substance.

A TRUE BILL

/S/
_____
Foreperson

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

BILAL A. ESSAYLI
Assistant United States Attorney
Riverside Branch Office